UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NOVELTY, INC., )<br>      Plaintiff, )<br>       )<br>  vs. )<br>       )<br>MOUNTAIN VIEW MARKETING, INC. et al, )<br>      Defendant. ) | 1:07-cv-1229-SEB-JMS |

**ENTRY ON DEFENDANTS' EMERGENCY MOTION FOR WRIT OF PROHIBITION**

This matter is before us on Defendants' Emergency Motion for Writ of Prohibition or Similar Order Barring Novelty's Proposed State Court Action (Dkt. # 41). The matter has been fully briefed, and being duly advised, we now <u>DENY</u> Defendants' motion, for the reasons set forth below.

In its complaint, Plaintiff Novelty, Inc. ("Novelty") specifically alleges infringement of its copyrights and trade dress rights with respect to the designs of three products (the "accused products") allegedly sold by Mountain View Marketing ("Mountain View"), a subsidiary of McLane Company, Inc. ("McLane")(Mountain View and McLane will be collectively referred to as the "Defendants" henceforth). Shortly after filing its complaint, Novelty filed a Motion for Preliminary Injunction. The parties subsequently entered into an agreement (the "Agreement") whereby Novelty agreed to withdraw that motion in exchange for multiple representations, warranties and agreements by Defendants. The essential portion of the Agreement relevant to this dispute is as follows: "Defendants will provide to Novelty's counsel copies of all purchase orders, bills of lading, and invoices related to Defendants' purchase, sale, manufacture,

1

promotion and distribution of the Products, and all catalogs and pictures it has, if any, showing all novelty products sold by Defendants since January 1, 2004." (Dkt. #41, Ex. 1, pg. 3).

With this motion, Defendants originally sought an order barring Novelty from filing a state court action involving a dispute between the parties concerning what Defendants were required to produce pursuant to the Agreement. In the interim, the threatened state court action was filed by Novelty. Thus, in their reply, Defendants amended their request to that of an order enjoining Novelty from prosecuting the state court action pursuant to All Writs Act, 28 U.S.C. § 1651 and the Anti-Injunction Act, 28 U.S.C. § 2283.

In a recent entry (Dkt. # 60), the magistrate judge decided several issues with respect to discovery that implicated, to some extent, the Agreement, although the parties' obligations pursuant to the Agreement were not the precise issue before her. Unfortunately, the magistrate judge's rulings did not bring about a resolution of the state court action or this motion as well. To that end, the magistrate judge's entry directed the parties to "show cause within seven days as to why the state court action should not be dismissed as moot, and the motion for writ thereafter withdrawn." (See Entry, pg. 21).

The parties have now submitted their responses to the show cause order. Novelty asserts the state court action should (and will) proceed because the issues in that matter are broader than the discovery issues in this case and it is entitled to the benefits it contracted to receive from Defendants. Defendants, therefore, maintain their request for an injunction prohibiting Novelty from prosecuting the state court action.

The Anti-Injunction Act prohibits a federal court from enjoining ongoing state proceedings except "where necessary in aid of its jurisdiction, or to protect or effectuate its

judgments." 28 U.S.C. § 2283.  This exception, according to the Supreme Court, means an injunction may be issued where "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic Coastline R.R. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 295, 26 L. Ed. 234, 90 S. Ct. 1739 (1970).  This exception parallels the federal court's power pursuant to the All Writs Act "to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. New York Telephone,* 434 U.S. 159, 173, 54 L. Ed. 2d 376, 98 S. Ct. 364 (1977).

      The Seventh Circuit has held that, "the two statutes in concert permit a district court, under certain circumstances, to issue an injunction to safeguard a pre-trial ruling" such as a discovery order.  *Winkler v. Eli Lilly & Co.,* 101 F.3d 1196, 1203 (7th Cir. 1996).  The Court further stated that "[w]here a litigant's success in a parallel state court action would make a nullity of the district court's ruling, and render ineffective its efforts effectively to manage the complex litigation at hand, injunctive relief is proper." *Id.* at 1202.

      This, however, is not one of those circumstances.  Regardless of how the issues before the state court are decided, that decision will not make a nullity of the magistrate judge's ruling.  Her rulings addressed the scope of discovery in this matter, not the scope of the Agreement.  While deciding that issue and fashioning the appropriate remedies to the motions before her, she necessarily examined certain aspects of the Agreement, but her rulings did not involve enforcement of the Agreement, which is the subject of the state court action.  Whatever rulings may be forthcoming in the state court action, they will only broaden the scope of production of

documents already ordered by the magistrate judge, rather than nullify her decisions.

We observe that the Agreement provides that "any action for breach shall be brought in the state or federal courts located in Indiana." (Ex. 1, pg. 5). For reasons unclear to us, Novelty chose to bring its action for breach before the state court rather than this Court. While we are concerned with the apparent forum shopping by Novelty, and the unwieldy process that has resulted (not to mention the clear disservice to the principle of judicial economy), for the reasons stated above, Defendants' Motion for Writ of Prohibition is <u>DENIED</u>.

IT IS SO ORDERED.

Date: _____03/28/2008_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Kevin M. Boyle
OVERHAUSER LAW OFFICE
kboyle@overhauser.com

Margaret M. Christensen
BINGHAM MCHALE LLP
mchristensen@binghammchale.com

James M. Hinshaw
BINGHAM MCHALE LLP
jhinshaw@binghammchale.com

Eric E. Lamb
OVERHAUSER LAW OFFICES, LLC
elamb@overhauser.com

Michael R. Limrick
BINGHAM MCHALE LLP
mlimrick@binghammchale.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES
poverhauser@overhauser.com