UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NOVELTY, INC., )<br>   Plaintiff, )<br>)<br> vs. )<br>)<br>MOUNTAIN VIEW MARKETING, INC. et al, )<br>   Defendant. ) | 1:07-cv-1229-SEB-JMS |

### ENTRY ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

This matter is before the magistrate judge on Plaintiff Novelty, Inc.'s ("Novelty") Motion for Leave of Court to File First Amended Complaint (Dkt. # 85). The motion is fully briefed, and being duly advised, the magistrate judge **DENIES** the motion for the reasons set forth below.

For the past several months, the Court has decided various discovery issues between the parties, most notably, the scope of discovery. The culmination of these issues came on June 16, 2008, when the magistrate judge instructed Novelty that it was time for it to amend its complaint (See Dkt. # 82). Novelty is now attempting to do so, by seeking to add numerous products sold by Defendants to its allegations of copyright infringement (Count I), false designation of origin, trade dress infringement and unfair competition (Count II), common law trademark infringement and unfair competition (Count III), and Indiana Crime Victims Act (Count IV). Defendants oppose Novelty's motion on the basis that the proposed amendments fail to provide fair notice of Novelty's claims against them.

While Rule 8(a) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the statement must be

enough "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007).  In *Bell Atlantic,* the Supreme Court observed that the "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65.  Rather, the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

The Seventh Circuit has read *Bell Atlantic* together with the Supreme Court's decision shortly thereafter in *Erickson v. Pardus,* 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2207) to say "that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC,* 499 F.3d 663, 667 (7th Cir. 2007).   In other words, a plaintiff must provide "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Lang v. TCF Nat'l Bank,* 249 Fed. Appx. 464 (7th Cir. 2007).  How many facts constitute enough detail to show that relief is plausible will depend on the type of case. *Limestone Dev. Corp. v. Vill. of Lemont,* 520 F.3d 797, 803 (7th Cir. 2008).

To state a claim for copyright infringement, Novelty must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Wildlife Express Corp. v. Carol Wright Sales, Inc.,* 18 F.3d 502, 507 (7th Cir. 1994), citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991).

Novelty's proposed amended complaint states that it has registered over 500 copyrights, and "many of these copyrights are infringed by Defendants' products, displays and packaging

listed on Exhibit A. (the "Infringed Designs")." (Amended Complt. ¶ 10). Novelty then specifically lists nine copyright registrations that are "[a]mong Novelty's registrations" that are allegedly infringed by Defendants' products. However, Exhibit A contains a list of over 60 of Defendants' products. Each product is identified by either a description and UPC code, or a photograph and UPC code. Novelty does not identify its corresponding product or design that Defendants' products allegedly infringe nor a corresponding copyright registration.

Novelty generally avers that it "owns all copyrights and trade dress rights in the Infringed Designs and has registered its copyrights thereto." (Id. ¶ 12). Further, "Novelty has amassed a substantial portfolio of intellectual property rights including numerous trademarks, identifying trade dress, displays, packaging and other source identifiers." (Id. ¶ 13). When describing the alleged trade dress infringement, Novelty states that it has "developed substantial goodwill in its products, displays and packaging designs, including the Infringed Designs, that is inherently distinctive, arbitrary and nonfunctional, and which operates as a source identifier" for its products. (Id. ¶ 14). These "arbitrary and nonfunctional design elements, among others" constitute its proprietary trade dress, and "operate as source identifiers for Novelty's products, including displays and packaging, and make the products bearing the Infringed Design and its packaging usual and memorable. Such distinctiveness creates a secondary meaning in the minds of the consuming public in that it associates such trade dress with Novelty." (Id. ¶ 15).

Defendants assert that Novelty's proposed amended complaint would not survive a motion to dismiss, and does not allege sufficient facts to show that its claims are plausible, rather than speculative, as required by *Bell Atlantic*. Novelty contends just the opposite, arguing its complaint meets the relevant pleading standards. As the Seventh Circuit has noted, how many facts constitute enough detail to show that relief is plausible will depend on the type of case.

*Limestone Dev. Corp. v. Vill. of Lemont,* 520 F.3d 797, 803 (7th Cir. 2008).

As courts endeavor to interpret and apply *Bell Atlantic*, so, too, do the lawyers that practice within them.  Indeed, both parties cite *Bell Atlantic* in support of their respective positions.  Few courts have addressed the sufficiency of copyright claims in the context of *Bell Atlantic*.  However, the District Court for the Western District of Pennsylvania recently had occasion to consider a motion to dismiss pursuant to Rule 12(b)(6) for a copyright infringement claim.  *See Tegg Corporation v. Beckstrom Electric Co.,* 2008 U.S. Dist. LEXIS 52184 (W.D. Penn. July 1, 2008).

In that case, the plaintiff alleged copyright infringement of its computer software system.  In examining the allegations in the complaint, the court determined that the plaintiff had only generally alleged that its software was copyrighted, and contained elements or components that were "confidential and proprietary." *Id.* at *23.  Although plaintiff represented that it had eleven copyright registrations, the Court could not "discern from the pleadings what original works of the Plaintiff are protected by which of the registered copyrights or if the allegations in the Amended Complaint are sufficient to state a claim of infringement of said registered copyrights." *Id.*  at *23-24.  Thus, because plaintiff failed to specify what software or components of the software were protected by registered copyrights, and what conduct of defendants had infringed each of the respective copyrights, the Court found that, in light of *Bell Atlantic*, the plaintiff's "allegations of both ownership of a valid copyright and copying of the original works described in said copyright registrations are not sufficient under Rule 12(b)(6)." *Id.* at *24.

Similarly, Novelty's amended complaint does not comply with the dictates of *Bell Atlantic*.  In fact, it does precisely that which the Supreme Court warned "would not do" - it consists mostly of labels and conclusions, and a formulaic recitation of the elements of the

causes of action contained within it. Nowhere does Novelty identify which of its original products are protected by which of its registered copyrights, which products of Defendants' allegedly infringe upon those copyrights, or what conduct of Defendants has infringed its copyrights. Novelty seems to admit that it does not have registered copyrights for each and every one of the allegedly infringing designs named in Exhibit A of the Complaint. Yet nowhere does it specify what cause of action it asserts for each of Defendants products. Defendants are simply left to guess which of its products are encompassed by each of the four counts in Novelty's complaint. Quite simply, the factual detail in the proposed amended complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC,* 499 F.3d at 667.

Furthermore, as noted by Defendants, Novelty uses language such as "[*a*]*mong* the Novelty registrations that are infringed" and "Defendants copied, imported, manufactured, sold, distributed or otherwise used products with Novelty's designs, including, *but probably not limited to,* the products, displays and packaging described above." (Amended Complt., ¶'s 10 & 21)(emphasis added). This sort of language is precisely that which the Court expected Novelty to eliminate by specifying "those products it contends are infringing"in its amended complaint so that this case can "progress towards disposition." (Dkt. # 82, pg. 4).

Therefore, the Court will **DENY** Novelty's motion at this time. However, the Court will permit Novelty another opportunity to amend its complaint, setting forth its claims to:

    (1)    identify the particular copyright registrations it owns by registration number, identify or show the corresponding Novelty design allegedly infringed, and then identify the Mountain view product that allegedly infringes upon that copyright;

(2) identify the particular trade dress configurations for which it seeks remedies under the Lanham Act and common law, and then identify Defendants' product that allegedly infringes upon that trade dress;

(3) specify which of Defendants' products are encompassed in each count; and

(3) state its claims in clear terms, without the use of phrases such as "among" or "including, but not limited to."

Novelty shall file a renewed motion for leave to amend its complaint within twenty calendar days of this order.  Further briefing on the motion will be in accordance with L.R. 7.1.

**SO ORDERED.**

07/29/2008

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

Distribution:

Kevin M. Boyle
OVERHAUSER LAW OFFICE
kboyle@overhauser.com

Margaret M. Christensen
BINGHAM MCHALE LLP
mchristensen@binghammchale.com

James M. Hinshaw
BINGHAM MCHALE LLP
jhinshaw@binghammchale.com

Eric E. Lamb
OVERHAUSER LAW OFFICES, LLC
elamb@overhauser.com

Michael R. Limrick
BINGHAM MCHALE LLP
mlimrick@binghammchale.com

Paul B. Overhauser

OVERHAUSER LAW OFFICES
poverhauser@overhauser.com