UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NOVELTY, INC., | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs*. | ) | 1:07-cv-01229-SEB-JMS |
| | ) | |
| MOUNTAIN VIEW MARKETING, INC.  and | ) | |
| MCCLANE COMPANY, INC., | ) | |
|     *Defendants*. | ) | |

## ORDER

Presently before the Court is Plaintiff Novelty, Inc.'s ("Novelty") Motion to Bifurcate

and Stay Defendants' Counterclaims and Related Discovery (the "Motion").  [Dkt. 136.]

### BACKGROUND

In June 2007, Novelty filed its Complaint against Defendants Mountain View Marketing,

Inc., and McClane Company, Inc., both of which are collectively referred to here as "Mountain

View" because they are related companies.  Novelty, a distributor of "novelty" products for sale

at convenience stores (for example, cigarette cases adorned with a unicorn), claims that its

competitor, Mountain View, sold competing products that infringed upon three of Novelty's

copyrighted designs (as well as committed several related torts).  [*See* dkt. 1 at passim.]

One year after filing its Complaint, Novelty moved to amend, proposing to significantly

expand the scope of this litigation.  It sought to place sixty-two designs at issue.  [*See* dkt. 85-2.]

But the Magistrate Judge declined to allow the amendment, finding that the new claims failed to

satisfy the "plausibility" requirement for a valid complaint.  [*See* dkt. 89 at 5.]  So, Novelty tried

again two months later, in October 2008, to amend its complaint by whittling down the newly

proposed list of infringing designs to twenty-one (including the original three).  [*See* dkt. 92-2.]

This time, Novelty was permitted to file its amended Complaint.  [Dkt. 91.]

- 1 -

In March 2009, Novelty sought a third time to amend its Complaint, proposing to withdraw ten of the designs that it had added in October 2008.  [Dkt. 118.]  Citing the extensive discovery that had taken place—not to mention the numerous discovery disputes that required judicial resolution—the Magistrate Judge permitted Novelty to withdraw the ten designs from this litigation but required that their withdrawal be with prejudice.  [Dkt. 125 at 2.]

About the same time  Novelty sought to withdraw the ten designs, Mountain View moved to assert certain counterclaims against Novelty, and Mountain View's motion was ultimately granted.  [Dkt. 117; 125.]  In its Counterclaims, Mountain View alleged, among other things, that Novelty intentionally and wrongfully has driven up Mountain View's costs of defending this case by asserting objectively unreasonable claims with the improper subjective intent to force Mountain View to sell itself at a discount to Novelty, thereby eliminating Mountain View as a competitor.  [*See* dkt. 127.]   That, Mountain View says, constitutes "sham litigation" under principles of antitrust law, *see generally Prof'l Real Estate Investors v. Columbia Pictures Indus.* ("PRE"), 508 U.S. 49, 51 (1993), as well as common-law abuse of process, and common-law unfair competition.  [Dkt. 127.]

Also pending in this litigation are several other, fully briefed motions all relevant to a determination of the Counterclaims.  Novelty has filed a motion to dismiss the Counterclaims, Defendants have filed a motion for partial summary judgment in the underlying litigation, and Defendants filed a motion for sanctions against Novelty.   [Dkt. 144; 256; 303.]  This motion for sanctions is separate from the earlier one that we referred to the Magistrate Judge for a report and recommendation, even though in both instances Mountain View has requested (among other

things) a dismissal of the underlying litigation and a default judgment on the Counterclaims. [*See* dkt. 165; 223; 303.][1]

## DISCUSSION

Novelty's current Motion asks that we bifurcate Mountain View's Counterclaims from the underlying litigation (which is currently set for trial in approximately three months) and that we stay further proceedings on the Counterclaims pending the outcome of the underlying litigation.

### A. Novelty's Request for Bifurcation

Under controlling Seventh Circuit caselaw, bifurcation of a claim or counterclaim can occur only when it "1) serves the interests of judicial economy or is done to prevent prejudice to a party; 2) does not unfairly prejudice the non-moving party; and 3) does not violate the Seventh Amendment." *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000) (citations omitted).

Novelty argues, and we agree, that bifurcation will promote judicial economy in this case, thus satisfying the first element of the test for bifurcation. To the extent that Mountain View seeks to establish sham litigation over Novelty's remaining copyright infringement claims, Mountain View's ability to do so in no small part depends upon Mountain View's prevailing on those claims in the underlying copyright litigation. *See PRE*, 508 U.S. at 61 n.5 ("A winning

---

[1] The Magistrate Judge recently held an evidentiary hearing for the purpose of preparing her report and recommendation. [Dkt. 324.]

lawsuit is by definition a reasonable effort at petitioning for redress and therefore not a sham.").[2]

Thus bifurcation would simplify the trial in the underlying case by excluding from consideration complex antitrust evidence that, in the end, the jury need may not need to consider.  Also, because of the late date that Mountain View asserted its Counterclaims, they have not yet been fully developed or reviewed on summary judgment, which obviously might obviate entirely the need for any trial on the Counterclaims.[3]  Given time exigencies, a summary judgment motion could not become fully briefed, considered, ruled upon, and then incorporated by the parties into their trial preparations all before the June trial setting (which Mountain View apparently wants to keep [dkt. 147 at 9]).  Likewise, the Magistrate Judge's forthcoming report and recommendation may affect the scope or necessity of a trial on the Counterclaims, as may the ruling on the other fully briefed motion for sanctions.

Mountain View advances only a half-hearted (one-sentence long) argument of unfair prejudice from bifurcation, [*id*.], which contention we find unpersuasive.  While bifurcation will admittedly prolong a final resolution of this case, will (because of the delay) perhaps cause the events at issue to be less fresh in witnesses' minds, and will—assuming no summary judgment or sanctions dismissal—require witnesses to testify in a second proceeding, [*id*.], those potential concerns do not overcome the strong benefits of bifurcation here.  *Cf. Orlowski v. Eriksen*, 2009

---

[2] Citing an unpublished order from the Eastern District of Texas, Novelty contends that so long as it prevails on at least one claim, it cannot be held liable for asserting any "sham" claims—that is, those that are objectively unreasonable and brought with an improper intent.  *See RPC, Inc. v. Prudhomme*, 2007 WL 173860, *4 (E.D. Tex. 2007) ("Even if [the one claim at issue] was wholly without merit, which it is not, this would not be sufficient to render the entire litigation baseless.").  But, as Defendants point out, the law in the Seventh Circuit holds otherwise.  *MCI Comm'ns v. Am. Tel. & Telegraph Co.*, 708 F.2d 1081, 1154 (7th Cir. 1983) ("[A] **single** claim, lawsuit or petition can be 'sham litigation' actionable under the antitrust laws."  (original emphasis)).  Sham litigation therefore requires a claim-by-claim analysis.

[3] Indeed, to the extent that Mountain View seeks to recover for Novelty's litigation conduct over Novelty's remaining claims, Novelty's continued litigation of those claims means that new potentially relevant evidence is generated every day.

U.S. Dist. LEXIS 66893, *19 (N.D. Ill. 2009) ("The decision [to bifurcate] rests within the sound discretion of the court, and it must make the decision on a case-by-case basis." (citing *Krocka*, 203 F.3d 507)).   Further, to the extent that Mountain View contends that the two proceedings will necessarily involve overlapping issues and evidence, [dkt. 147 at 9], the overlap will be minor.   Mountain View's Counterclaims focus on the manner in which Novelty has litigated this case over its almost three-year lifespan; the merits of the underlying claims, in contrast, focus on Mountain View's sales of allegedly infringing products.   Finally, although Mountain View argues that bifurcation will permit Novelty to continue its sham litigation with "impunity, without any immediate recourse available to [Mountain View]," [*id.*], Mountain View's argument assumes that Novelty is, in fact, engaged in sham litigation, a fact which has not yet been determined.

Mountain View advances no argument, and we perceive none, establishing that bifurcation would interfere with its Seventh Amendment right to a jury trial.

Thus, all three legal elements permitting bifurcation are present here.   The Court, therefore, orders that the Counterclaims be tried separately from the underlying claims.

### B.  Novelty's Request to Stay Further Proceedings on the Counterclaims

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936).  *Accord Clinton v. Jones*, 520 U.S. 681, 707 (1997).

Several factors strongly mandate a stay of further proceedings on the Counterclaims. First, assuming that summary judgment and/or the multiple sanctions proceedings (or settlement

efforts) do not dispose of the merits of the underlying litigation, that litigation will go to trial before a jury in just under three months.  Given the complexity of the underlying claims, the parties would be well advised to focus on their trial preparations, which will be disrupted by their continued work on the Counterclaims.  Also, as noted above, the outcome of the Counterclaims is at least partially contingent upon the underlying litigation.  Finally, the pending sanctions proceedings threaten to significantly impact the success of the Counterclaims, generating findings of fact helpful to one side or the other, particularly regarding the allegations of Novelty's good faith or lack thereof.  (Should Mountain View fully prevail in its request for sanctions, Mountain View could receive a default judgment on the Counterclaims, rendering superfluous any further work on them.)

We see no prejudice to either side in deferring further work on the Counterclaims for the time being to permit a more orderly disposition of the case overall.  Accordingly, a temporary stay shall issue regarding the Counterclaims.

## CONCLUSION

Novelty's Motion is **GRANTED**.  The Counterclaims are hereby bifurcated from the trial of the underlying litigation, and a stay is imposed on all further proceedings (except those conducted by written stipulation of the parties) relating to the Counterclaims.  The Stay shall immediately terminate, if it has not already been previously terminated by other order of the Court, upon the conclusion of the underlying litigation (by trial or otherwise).  When the Stay is lifted, the Court will promptly convene a case management conference to determine the best and most expeditious manner for proceeding on the Counterclaims.

Date:   03/30/2010

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

- 6 -

**Distribution via ECF only:**

Margaret M. Christensen
BINGHAM MCHALE LLP
mchristensen@binghammchale.com

James M. Hinshaw
BINGHAM MCHALE LLP
jhinshaw@binghammchale.com

Eric E. Lamb
OVERHAUSER & LINDMAN, LLC
elamb@overhauser.com

Michael R. Limrick
BINGHAM MCHALE LLP
mlimrick@binghammchale.com

Tami L. Napier
OVERHAUSER & LINDMAN, LLC
tnapier@overhauser.com

Jeffrey Scott Nickloy
CAMPBELL KYLE & PROFFITT LLP
jnickloy@ckplaw.com

Paul B. Overhauser
OVERHAUSER  & LINDMAN, LLC
poverhauser@overhauser.com