UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NOVELTY, INC. | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:07-cv-01229-SEB-JMS |
| | ) | |
| MOUNTAIN VIEW MARKETING, INC., *et al.*, | ) | |
| *Defendants.* | ) | |
| | ) | |

**<u>ORDER</u>**

Currently pending before the Court is Defendants' fully briefed Motion for Enforcement of Protective Order and Sanctions Against Novelty (the "Motion for Sanctions"), [dkt. 303]. Among other things, it seeks a dismissal of all Novelty's claims. Because the appropriateness of a dismissal sanction depends upon "the entire procedural history of the case," *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (citation omitted), that motion is inextricably intertwined with our consideration of the Magistrate Judge's recent Report and Recommendation of Sanctions, [dkt. 381], in response to which Novelty has already indicated that plans to object, [*see* dkt. 385]. We shall, therefore, address both matters together.

Our review of the record in this case raises serious concerns about whether Novelty and its counsel have exhibited "such flagrant contempt for the court and its processes that to allow the offending party to continue to invoke the judicial mechanism for its own benefit would raise concerns about the integrity and credibility of the civil justice system that transcend the interests of the parties immediately before the court." *Barnhill v. United States*, 11 F.3d 1360, 1368 (7th Cir. 1993) (footnote omitted). In particular, we note the following:

1) Novelty's original Complaint and a later submitted affidavit by its officer, JR Merlau, both asserted that Novelty had registered all the copyrights asserted in the

- 1 -

Complaint.  [Dkt. 1 ¶12; dkt. 13-2 ¶11.]  Novelty now concedes that it did not register the "unicorn design" until well after those assertions were made to the Court.  [Dkt. 160 at 5-6.]

2)  Novelty has previously been found to have violated both "the letter and the spirit" of Federal Rule of Civil Procedure 45(b)(1), which requires advance notice before the issuance of a non-party subpoena.  [Dkt. 60 at 13.]  Novelty also failed to fully comply with a Court order designed to ameliorate the effects of Novelty's noncompliance with the advance-notice requirement.  [Dkt. 57 at 1 ("Upon review, the magistrate judge discovered that Plaintiff did not exactly comply with her order that it contact the non-parties and advise them their responses **should not be provided before March 8, 2008**.  Instead, it appears the non-parties were simply advised that the deadline for their response 'has been extended to March 8, 2008.'" (citation omitted; original emphasis).]

3)  We have previously entered various findings regarding Novelty's inappropriate litigation conduct.  Novelty willfully and in bad faith refused to timely provide a privilege log, displaying "cavalier and callous disregard toward the Court's orders and discovery rules."   [Dkt. 223 at 19.]   It engaged in discovery-related "gamesmanship" by serving its answers to Defendant Mountain View's Third Set of Interrogatories in a way calculated to prevent Defendants from being able to use them during a deposition.  [*Id.* at 22.][1]  Likewise, it expanded and magnified

---

[1] Despite our previous criticism of Novelty's counsel in that regard, the Magistrate Judge recently determined that counsel once again engaged in such behavior, with respect to the documents that Novelty was ordered to produce the morning of the evidentiary hearing before her.  [Dkt. 381 at 3, n.1.]

the scope of this dispute by filing a lawsuit in Hancock County in an attempt to resolve what was essentially a discovery dispute arising from this litigation, when any reasonable party (or attorney) would have known that this litigation in our Court was the appropriate forum to resolve that dispute, [*see id.* at n. 2]—a finding confirmed, not incidentally, by the Hancock Superior Court, [dkt. 241-6 ¶37 ("[A]s of April 1, Novelty had received three orders from three different judges informing it that there was no good reason for it to continue the State Case, and that if any issue remained…the issue ought, in the interest of judicial economy, be presented to the federal court.")].

4) Based on findings from an evidentiary hearing, the Magistrate Judge determined that Novelty attempted to assert claims in its (unsuccessful) First Amended Complaint "despite having 'no way of knowing' whether evidence would ultimately support them." [Dkt. 381 at 26.]  She also determined that Novelty's discovery conduct was "designed to wreak havoc, rather than to reasonably prosecute a civil action."  [*Id.*]  Further, she determined that the affidavits of Messrs. Merlau and Kent, which Novelty submitted in opposition to Defendants' Emergency Motion for Sanctions, intentionally relied upon ambiguous language in an effort to create a misleading impression for the Court. [*Id.* at 7.]  Because of the limited scope of the matter referred to her for a report and recommendation, however, the Magistrate Judge was not empowered to consider the imposition of sanctions based upon those determinations.  [*Id.* at 26-27.]

5) The Magistrate Judge did recommend sanctions regarding Novelty's responses to Defendants' First Set of Requests for Production based on Novelty's violation of

a Court-ordered July 3, 2009 production deadline, its failure to serve acceptable discovery responses under Rule 34, and its failure to supplement its discovery responses both under Rule 26(e) and, in some instances, under a specific Court order.  [Dkt. 381 at 18.]

6)   Two months ago, Defendants accused Novelty's lead counsel, Mr. Overhauser, of intentionally altering a spreadsheet that Novelty used to oppose their motions for partial summary judgment and then of falsely stating under the penalties of perjury that the spreadsheet was an accurate copy of the spreadsheet that Defendants had produced.  [Dkt. 331 at 9.]  Despite the very serious nature of that charge, neither Novelty nor Mr. Overhauser has yet proffered a denial or a rebuttal.

7)   Defendants have also accused Novelty's counsel of refusing to comply with the terms of the stipulated protective order issued in this action, [dkt. 48].  Among other things, they accuse counsel of: (a) sharing materials designated as "attorneys' eyes only" with Novelty executives and an outside consultant that had not been approved to see the materials; (b) publicly filing such materials in this litigation; and (c) offering "attorneys' eyes only" materials into evidence in the Hancock County litigation without the requisite advance notice. [*See* dkt. 304 at 17-24.]  With respect to this last charge, the Hancock Superior Court recently ruled that "the primary, if not sole, purpose of Novelty's counsel in tendering…three exhibits [in that litigation] was to make an end-run around the protective order in the Federal Case, and make this information available for

- 4 -

review by their client, the principal competitor of defendant Mountain View.  This is an abuse of the legal process." [Dkt. 384-1 at 16, ¶17.]

8)   Defendants have also accused Mr. Overhauser of submitting "yet another affidavit to this Court that contains false and misleading testimony," in connection with Novelty's response to Defendants' most recent motion for sanctions.  [Dkt. 368 at 8 (footnote omitted).]   Again, neither Novelty nor Mr. Overhauser has attempted to deny or rebut that charge.

We believe that supplemental briefing on the Motion for Sanctions is now in order so that Novelty and its current attorneys can address the foregoing and explain, if possible, why all of Novelty's claims in this litigation should not be dismissed with prejudice, why each of them should not be held jointly and severally liable for all Defendants' fees and costs incurred in this litigation, and why counsel should not be referred to the Indiana Supreme Court Disciplinary Commission for investigation into possible professional misconduct, as permitted by Federal Rule of Civil Procedure 11 and 37, by this Court's inherent authority, and pursuant to 28 U.S.C. § 1927.[2]

Novelty and its attorneys are allowed to and including **April 23, 2010** within which time to submit their further response to the Motion for Sanctions.  (Their responses may attach supplemental exhibits that are not already in the record.)  Defendants shall have until **April 30, 2010**, if they wish, to submit any further responses to Novelty's and its attorneys' submissions.

On **Thursday, May 6, 2010**, beginning at **10:00 a.m.**, in Courtroom 216, we will convene a hearing, not to exceed three hours in length, to receive any evidence relating to factual

---

[2] Much of the conduct described above post-dated Mr. Boyle's withdrawal of his appearance. Accordingly, Mr. Boyle's continued participation in this matter shall be limited to any objections that he, or Defendants, may file to the Report and Recommendation of Sanctions.

issues underlying the Motion for Sanctions.  Because Defendants filed the Motion for Sanctions, they shall proceed first at the hearing.

Following receipt of the evidence, we shall proceed with oral arguments on the Motion for Sanctions and on any objections to the Magistrate Judge's Report and Recommendation of Sanctions, the time to be divided as follows:

- Novelty and its current attorneys:  15 minutes each.

- Mr. Boyle:  10 minutes.

- Defendants:  30 minutes total.

The issues before the Court raise a strong potential for a conflict of interest to emerge, if one has not already, between Novelty and its attorneys.  Accordingly, Novelty is hereby ordered to secure counsel unaffiliated with Mr. Overhauser's firm to co-sign or sign (as appropriate) Novelty's further response to the Motion for Sanctions and to attend the hearing.  Messrs. Lamb and Overhauser and Ms. Napier may retain their own counsel, but are not required to do so.

Date:  04/12/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Distribution via ECF only**:

Margaret M. Christensen
BINGHAM MCHALE LLP
mchristensen@binghammchale.com

James M. Hinshaw
BINGHAM MCHALE LLP
jhinshaw@binghammchale.com

Eric E. Lamb
OVERHAUSER & LINDMAN, LLC
elamb@overhauser.com

Michael R. Limrick
BINGHAM MCHALE LLP
mlimrick@binghammchale.com

Tami L. Napier
OVERHAUSER & LINDMAN, LLC
tnapier@overhauser.com

Jeffrey Scott Nickloy
CAMPBELL KYLE & PROFFITT LLP
jnickloy@ckplaw.com

Paul B. Overhauser
OVERHAUSER  & LINDMAN, LLC
poverhauser@overhauser.com